UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV-12-00014-MWF (JEMx)**          **Date:  January 14, 2014**

Title:      KTS Karaoke, Inc., et al. -*v*- Sony/ATV Music Publishing LLC, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT [85]

This matter is before the Court on Defendants Sony/ATV Music Publishing LLC, et al.'s Motion for Summary Judgment (the "Motion").  (Docket No. 85).  A hearing was held on December 13, 2013.  For the reasons discussed below, the Motion is **GRANTED**.

## I.    BACKGROUND

### A.    Undisputed Facts

Plaintiff KTS Karaoke, Inc., is engaged in the distribution and retail sale of karaoke-related products, including music discs, machines, and systems designed for playing karaoke music discs.  (Opp. at 3).  Plaintiff Timmy Sun Ton is the owner of Plaintiff KTS Karaoke, Inc.  Plaintiffs have sold products that contain karaoke compositions of songs for which Defendants are registered owner of the copyright interest.  (Declaration of M. Danton Richardson ("Richardson Decl.") ¶ 9 (Docket No. 91)).  Defendants claim that Plaintiffs infringed on at least 968 of their copyrights (Docket No. 78-1), while Plaintiffs argue that Defendants have shown ownership of only 87 of the songs included in Plaintiffs' products.  (Richardson Decl. ¶ 9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV-12-00014-MWF (JEMx)**          Date:  **January 14, 2014**
Title:      KTS Karaoke, Inc., et al. *-v-* Sony/ATV Music Publishing LLC, et al.

## B.      Procedural History

On December 23, 2011, Defendants' counsel sent Plaintiffs a letter claiming that Plaintiffs infringed Defendants' copyrights, and that Defendants may be entitled to statutory damages of up to $1.282 billion.  (Richardson Decl. ¶ 4 & Ex. A).  Plaintiffs filed the present action on January 3, 2012, seeking declaratory relief of noninfringement and/or copyright misuse, as well as damages for Defendants' alleged violation of California's common law of unfair competition ("UCL").  (Docket No. 1). Defendants filed their own suit in the Middle District of Tennessee, alleging copyright infringement.  *Sony/ATV Music Publ'g LLC v. KTS Karaoke, Inc.*, No. 3:12-cv-00089 (M.D. Tenn. Jan. 19, 2012).  That case was transferred to this Court (Case No. 2:12-cv-3986-MWF (JEMx)), and on May 21, 2012, the two cases were consolidated.  (Docket No. 22).

On October 23, 2013, the Court, pursuant to the stipulation of the parties, issued an order dismissing Defendants' claims with prejudice.  (Docket No. 84).  Plaintiffs' insurer had, over Plaintiffs' objection, settled the claims with Defendants in full as to all past infringement.  Plaintiffs objected to the settlement because they wished to continue pursuit of their affirmative claims for declaratory relief.  Accordingly, the Court ordered that "Plaintiffs' claims shall remain pending and are unaffected by this order."  (Docket No. 84).

## II.   DISCUSSION

## A.   Legal Standard

Under the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if it can demonstrate that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Where, as here, "the non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV-12-00014-MWF (JEMx)**            Date:  **January 14, 2014**
Title:      KTS Karaoke, Inc., et al. *-v-* Sony/ATV Music Publishing LLC, et al.

moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case."  *In re Oracle Corp. Securities Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).  The burden then shifts to the non-moving party, which may not simply rely on allegations in its pleadings but must identify specific facts raising a genuine dispute that will be material at trial.  Fed. R. Civ. P. 56(c).

## B.    **Declaratory Relief Claims**

Plaintiffs seek declaratory relief on three grounds: ***first***, Plaintiffs seek declaratory judgment of noninfringement; ***second***, Plaintiffs seek a declaratory judgment of copyright misuse; and ***third***, Plaintiffs seek a declaratory judgment that Defendants cannot seek multiple recoveries from multiple parties in the same chain of title.  Defendants argue that Plaintiff's claims for declaratory relief are not justiciable under the Declaratory Relief Act, and even if they are, Plaintiffs have stated no cognizable basis for declaratory relief.  Defendants are largely correct on both counts.

### 1.  **Justiciability**

In order for an action for declaratory relief to be justiciable, the parties' dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests."  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-47, 57 S. Ct. 461, 81 L. Ed. 617 (1937).  The controversy must be "'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) (quoting *Aetna*, 300 U.S. at 241).  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-12-00014-MWF (JEMx)          Date:  January 14, 2014
Title:       KTS Karaoke, Inc., et al. -*v*- Sony/ATV Music Publishing LLC, et al.

Defendants argue first that the settlement of Defendants' counterclaims moots the declaratory judgment claims, because Plaintiffs can no longer be held liable for past infringement of Defendants' copyrights.  (Mot. at 12).  Plaintiffs respond that they are subjected to considerable uncertainty in the continuing practice of their business, since they remain subject to suit for future sales of their karaoke products.

Defendants are correct that a claim for declaratory relief related to past allegedly infringing activity has been mooted by the settlement.  The judgment of this Court could not affect the rights of the parties whatsoever, because the claims have been resolved and dismissed with prejudice.  The declaratory relief claim as to Plaintiffs' future activity may survive, however, so long as there remains a "substantial controversy . . . of sufficient immediacy and reality."  *Maryland Casualty*, 312 U.S. at 273.

Here, Plaintiffs are engaged in the distribution and sale of karaoke products containing tracks of music for which Defendants own copyrights.  Although there remains significant dispute as to which tracks Defendants actually own, Plaintiffs admit that Defendants own at least some of the tracks.  Plaintiffs have expressed the desire to continue selling products like those forming the basis of the present action, but have otherwise provided few specifics as to how they believe their future activity may make use of Defendants' copyrights.

Even with this lack of detail, however, the claim for declaratory relief of future noninfringement is justiciable.  There exists a present controversy as to whether Plaintiffs may continue to be held liable for selling the same products after a settlement has been paid regarding all claims of past infringement.  This case meets the requirements of immediacy and reality, at least as to those products that formed the basis of the present action, because the parties have a clear dispute as to whether Plaintiffs are permitted to distribute and sell those particular products.

At the hearing, counsel for Plaintiffs expressed a desire for a somewhat broader declaratory judgment of future noninfringement, not aligned to any particular products Plaintiffs have sold in the past.  Plaintiffs sought declaratory judgment outlining

---

**CIVIL MINUTES—GENERAL**                                                                4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV-12-00014-MWF (JEMx)**          Date:  **January 14, 2014**
Title:        KTS Karaoke, Inc., et al. *-v-* Sony/ATV Music Publishing LLC, et al.

precisely which songs Defendant owns, or which suppliers have obtained valid licenses to copy Defendant's songs, or both.  Such a declaratory judgment would be a bridge too far, because it would not be sufficiently linked to the parties' present dispute over whether certain specific karaoke products infringe Defendants' copyrights.  Plaintiffs have identified no specific products that they claim are noninfringing because Defendants lack ownership or because the products are properly licensed.  Plaintiffs simply seek aid from this Court in arranging their business relationship with Defendants.  While the Court is sympathetic to Plaintiffs' desire to operate their business and distribute noninfringing karaoke products, the Court may not properly provide Plaintiffs with the reassurance they seek in the form of an advisory opinion detailing Defendants' copyright ownership and licensing practices.

Similarly, Plaintiffs' other two bases for declaratory relief are not justiciable, because both ask the Court to render judgment on what consequences might befall Defendants should they choose to seek improper multiple recoveries in the future.  Such judgment would be based on contingent and speculative facts, and would be an improper advisory opinion.

Plaintiffs' claim for declaratory judgment of copyright misuse is thus not justiciable.  The doctrine of copyright misuse "forbids the use of a copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office."  *Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516, 520 (9th Cir. 1997) (quoting *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 977-79 (4th Cir. 1990)) (internal quotation marks omitted).  "Copyright misuse does not invalidate a copyright, but precludes its enforcement during the period of misuse."  *Practice Mgmt.*, 121 F.3d at 520 n.9.  Copyright misuse has been described as a "form of unclean hands," *Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors*, 786 F.2d 1400, 1408 (9th Cir. 1986), but some courts have allowed litigants to proceed on affirmative claims for a declaration of copyright misuse, *see, e.g.*, *Apple, Inc. v. Psystar Corp.*, No. C-08-3251, 2009 WL 303046 (N.D. Cal. Feb. 6, 2009).  While certain affirmative claims for declaratory judgment of copyright misuse may be justiciable, Plaintiffs' claim is not.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV-12-00014-MWF (JEMx)**          Date:  **January 14, 2014**
Title:       KTS Karaoke, Inc., et al. *-v-* Sony/ATV Music Publishing LLC, et al.

Copyright misuse is a defense to a claim of copyright infringement that depends on the timing of the enforcement; it develops entirely from the actions of the copyright holder, rather than the alleged infringer.  While the Court can be reasonably certain that there is a live, present, dispute as to whether Plaintiffs' expected future activity will amount to copyright infringement, it cannot divine whether Defendants will perform some act in the future that will amount to copyright misuse, giving rise to a defense to that infringement for as long as the misuse continues.  Plaintiffs' claim of copyright misuse asserts that Defendants bring suit against downstream distributors, rather than manufacturers, in order to recover more in damages than they would if infringement was stopped at its source.  (*See* Opp. at 11).  Whether or not such a defense is legally cognizable, it is too contingent and speculative for the Court to render a judgment.  Even if the alleged misuse has occurred in the past, as Plaintiffs allege, it would only be a defense to *past* infringement, and thus was mooted by the settlement of Defendants' counterclaims.  Defendants' future litigation strategy simply cannot be predicted with the level of specificity required under the Declaratory Judgment Act.

Similarly, the Court cannot entertain the claim that Defendants tend to seek improper multiple recoveries for more than one party in a single chain of title.  To the extent Plaintiffs contend that Defendants have sought or obtained multiple recoveries in the past, such a claim has been mooted by the settlement of claims of past infringement.  Additionally, Plaintiffs have not yet submitted any evidence whatsoever that Defendants have obtained improper damages from them or anyone who participated in their infringement.

As to the claim that Defendants may seek improper multiple recoveries at some point in the future, Plaintiffs plainly seek an advisory opinion.  There is no evidence in the record that Defendants have ever received multiple recoveries from joint tortfeasors, much less that they may be expected to do so in the future.

Accordingly, while Plaintiffs' first claim for relief for declaratory judgment of noninfringement is justiciable, the claims for declaratory judgment of copyright misuse and of improper multiple recoveries are not.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV-12-00014-MWF (JEMx)**          **Date:  January 14, 2014**
Title:       KTS Karaoke, Inc., et al. -*v*- Sony/ATV Music Publishing LLC, et al.

## 2.  Declaratory Judgment of Noninfringement

Plaintiffs' declaratory judgment of noninfringement claim seems to rest on the theory that once Defendants have recovered damages for infringement from any party in the chain of title that includes Plaintiffs and their suppliers and customers, then Plaintiffs are privileged to continue to infringe Defendants' copyrights without fear of prosecution.  This theory has no basis in law.

Additionally, in their Complaint, Plaintiffs sought a far broader judgment: "a declaration that [Defendants are] limited to one recovery per work and cannot recover a second (or more) times for the re-distribution of the same songs which [Defendants have] previously recovered from others."  (Compl. ¶ 12).  Plaintiffs essentially claimed that once a copyright holder recovers damages from any infringer with respect to a copyright, the copyright holder loses the right to pursue any remedies against any other party, effectively creating a perpetual license in the entire public.  While Plaintiffs seem to have abandoned this in favor of their theory that Defendants may only recover once per chain of title per infringement, it is useful to refute this broader allegation to the extent Plaintiffs continue to assert it.

Plaintiffs' theories fail because a copyright holder's recovery of damages against one party has never been held absolve a third party of its own infringing activity.  Under 17 U.S.C. § 504(c)(1),

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for ***all infringements involved in the action***, with respect to [1] any one work, ***[2] for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally***, in a sum of not less than $750 or more than $30,000 as the court considers just.

4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[E][2][d] (rev. ed. 2012) (emphasis added).  Accordingly, "when statutory damages are assessed against one defendant or a group of defendants held to be jointly and severally liable,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-12-00014-MWF (JEMx)              Date:  January 14, 2014

Title:        KTS Karaoke, Inc., et al. -*v*- Sony/ATV Music Publishing LLC, et al.

each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work." *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 294 (9th Cir. 1997), *rev'd on other grounds*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 118 S. Ct. 1279, 140 L. Ed. 2d 438 (1998).

Therefore, a copyright holder is prohibited from recovering, in a single suit, more than one statutory damages award related to the past infringement of one set of joint infringers.  This "one-satisfaction" rule means that a copyright holder who has recovered statutory damages against one of a group of joint infringers (that is, one or more parties who were not sued in the infringement action, but who, if they had been sued, could have been jointly and severally liable for the act or acts of infringement) should not be able to duplicate their damages for the same infringement by suing the other joint infringers.  *See, e.g.*, *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552, 554 (2d Cir. 1972) ("We hold that the Copyright Act allows only a single recovery for a single sale; where multiple defendants are all involved with sales, as are [the non-settling defendant] and the settling defendants here, their liability is joint and several and recovering from one reduces the liability of the others.").

While most courts agree that the Copyright Act prevents recovery of multiple statutory damages awards with respect to the same infringement from each joint infringer in a *single* lawsuit, courts have disagreed on the extent to which recovery of statutory damages might bar *successive* suits against joint infringers.  *Compare Arista Records, LLC v. Lime Group LLC*, No. 06-cv-5936 (KMW), 2011 WL 1338194, at *3 (S.D.N.Y. Apr. 7, 2011) (holding that the Copyright Act, 17 U.S.C. § 504(c)(1), prevents recovery of multiple awards of statutory damages against joint infringers in the same action, but it does not prevent a separate action against a different defendant who is jointly liable on the same infringement, although "it will be permissible for the fact-finder to consider that Plaintiffs have already recovered from a direct infringer for some portion of the infringement that Defendants induced, because Defendants are jointly and severally liable with those direct infringers"), *with TMTV Corp. v. Mass Prods., Inc.*, No. 00-1338 (RLA), 2009 WL 890456, at *1 (D.P.R. Mar. 27, 2009) (holding that defendants were entitled to a reduction in damages in the amount of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-12-00014-MWF (JEMx)            Date:  January 14, 2014
Title:        KTS Karaoke, Inc., et al. -*v*- Sony/ATV Music Publishing LLC, et al.

settlement received by the plaintiffs in a prior action against a different defendant but
related to the same events).

The parties have cited no authority as to the applicability in this Circuit of the
one-satisfaction rule to successive suits relating to the same infringement.  Even if the
one-satisfaction rule would prevent Defendants from recovering statutory damages
from Plaintiffs if Defendants had already been compensated by a third party who was
jointly liable with Plaintiffs, such a rule would not aid Plaintiffs, for these reasons:

*First*, Plaintiffs have presented no authority, nor even any real legal argument, to
suggest that any other party could be jointly and severally liable for their acts of
infringement.  Plaintiffs cite to a few cases in which courts found joint liability for
infringement, but fail to explain why they apply to this case, aside from the perfunctory
assertion that "[w]e are not talking about unrelated tortfeasors here, we are talking
about distributors and suppliers in a chain of title."  (Opp. at 15).  But this Court cannot
determine whether any other party might be jointly liable with Plaintiffs, because
Plaintiffs have not even identified any third party, either upstream or downstream in
the line of production, who participated in their infringement.

*Second*, even after obtaining a damages award from one joint infringer, the
copyright holder may still pursue certain remedies against other joint infringers, so
long as they do not recover duplicative damages awards.  For instance, the copyright
holder may still seek damages against other joint infringers if a prior judgment hasn't
been satisfied.  *See* 3 Nimmer & Nimmer, *supra*, § 12.04[C][4][a].  The copyright
holder may be able to maintain an action against other joint infringers for their profits,
to the extent the profits exceed the award of actual damages.  *See Frank Music Corp. v.
Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985) ("When a copyright is
infringed, all infringers are jointly and severally liable for plaintiffs' *actual damages*,
but each defendant is severally liable for his or its own illegal *profit*; one defendant is
not liable for the profit made by another." (citing *MCA, Inc. v. Wilson*, 677 F.2d 180,
186 (2d Cir. 1981); 3 Nimmer & Nimmer, *supra*, § 12.04[C][3])).  And if the copyright
holder settles its disputes with one of several joint infringers, the settlement does not
necessarily release the other joint infringers unless such a release was intended by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV-12-00014-MWF (JEMx)**          Date:  **January 14, 2014**

Title:        KTS Karaoke, Inc., et al. *-v-* Sony/ATV Music Publishing LLC, et al.

parties.  *See* 3 Nimmer & Nimmer, *supra*, § 12.04[C][4][c] ("Under the facts of this case, nothing about the oral settlement suggested an intent to release third parties, and the defendant-appellant could offer no reason why its co-defendant would have wished to pay more in settlement in order to protect others." (discussing *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129 (11th Cir. 2007)).  It is not at all clear, therefore, that Plaintiffs could immunize themselves from suit by showing that Defendants had already recovered damages against a joint infringer.

*Third*, and perhaps most importantly, nothing in the law suggests that recovery of damages for infringement prevents a copyright holder from suing the infringer (or any other party) for damages for *later* infringement.  The one-satisfaction rule does not create a license nor pose any bar at all to the copyright holder's enforcement of its rights.  Even if Defendants had recovered full statutory or actual damages from another party with respect to Plaintiffs' past acts of infringement, a new cause of action would accrue in Defendants as soon as Plaintiffs continued to sell or distribute Defendants' protected material.

Finally, Plaintiffs claim that they need not have a license to use Defendants' copyrighted work because Defendants do not customarily issue licenses to retailers: "Licensing is done at the manufacturing level, not the retail level."  (Opp. at 21 (original emphasis omitted)).  To the extent Plaintiffs claim that retailers cannot be held liable for infringement if their suppliers fail to obtain a license, they are incorrect.  Culpability is immaterial in copyright infringement, and any infringer may be held liable regardless of the type of products they produce or sell, and notwithstanding any industry licensing practice.  *See UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*, 446 F. Supp. 2d 1164, 1173 (E.D. Cal. 2006) ("[T]he copyright holder may proceed against any member of the chain of distribution.").

### 3. Estoppel

Plaintiffs claim that Defendants are estopped from pursuing future claims against Plaintiffs.  (Opp. at 8).  In this Circuit, copyright estoppel is a rarely used doctrine "normally applied to preclude a plaintiff who represented to the public that his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV-12-00014-MWF (JEMx)**          Date:  **January 14, 2014**
Title:          KTS Karaoke, Inc., et al. *-v-* Sony/ATV Music Publishing LLC, et al.

work was factual from claiming in an infringement action that the work was fiction."
*Garman v. Sterling Publ'g Co.*, No. C-91-0882-SBA (ENE) (N.D. Cal. Nov. 5, 1992)
(citing *Houts v. Universal City Studios*, 603 F. Supp. 26, 29-31 (C.D. Cal. 1984)).
Plaintiff cites authority from the Eleventh Circuit establishing a rule of copyright
estoppel that applies when "(1) the copyright owner knew the facts of the infringement,
(2) the copyright owner intended its conduct to be acted upon or the copyright owner
acted such that the alleged infringer has a right to believe it was so intended, (3) the
alleged infringer is ignorant of the true facts, and (4) the alleged infringer relies on the
copyright owner's conduct to his detriment."  *HGI Assoc., Inc. v. Wetmore Printing
Co.*, 427 F.3d 867, 875 (11th Cir. 2005).

Even if such a doctrine exists in this Circuit, Defendants made no express or
implied representations to Plaintiffs on which they may be estopped from later
claiming infringement.  Accordingly, summary judgment is appropriate on this claim.

## C.    UCL Claim

Plaintiffs' UCL claim follows the logical track of their claims under the
Copyright Act.  They claim that Defendants' litigation strategy, in pursuing remedies
against multiple parties in the same chain of title, violates California law.  "The very
filing of infringement claims against Plaintiffs—without proper standing and without
seeking to prevent the manufacture and distribution of the infringing products at the
source—provides a basis for Plaintiffs' claims."  (Opp. at 9).

For the reasons stated by the Defendants in their Opposition, Plaintiffs' papers
lack a cognizable UCL claim.  Plaintiffs' UCL claim is based under the "common law
of the State of California."  (Compl. ¶ 14).  "The common law tort of unfair
competition is generally thought to be synonymous with the act of passing off one's
goods as those of another."  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137,
1153 (9th Cir. 2008) (quoting *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1263,
10 Cal. Rptr. 2d 538 (1992)) (internal quotation marks omitted).  Plaintiffs have not,
and cannot, assert any such claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV-12-00014-MWF (JEMx)**          Date:  **January 14, 2014**
Title:        KTS Karaoke, Inc., et al. *-v-* Sony/ATV Music Publishing LLC, et al.

The Court further notes that even if Plaintiffs had a cognizable UCL claim, it is preempted by the Copyright Act.  Plaintiffs argue that the Copyright Act only preempts state law claims asserting a right based on an ownership interest in copyright.  Because Plaintiffs do not claim ownership, Plaintiffs argue, the claim is not preempted.  (Opp. at 17 (citing *Holt v. Schweiger Constr. Co.*, No. 07-0857-CV-W-REL, 2009 WL 1259966, at *7 (W.D. Mo. May 5, 2009) ("The Copyright Act protects creative works from sale or plagiarization.  None of defendant's claims are predicated on the notion that it owns the copyright . . . . Therefore, [the claims are not preempted.]"))).  Although Plaintiffs do not seek remedies based on an ownership interest in copyright, their state law claims may nonetheless be preempted.

The state law claim at issue here suggests that Defendants violate state law by seeking federal remedies against various downstream distributors rather than suing manufacturers and stopping the infringement at its source.  (*See* Opp. at 9).  State law is preempted if it presents a substantial obstacle to the fulfillment of the purposes of federal law.  *See, e.g.*, *Hines v. Davidowitz*, 312 U.S. 52, 66-67, 61 S. Ct. 399, 85 L. Ed. 581 (1941) ("[W]here the federal government, in the exercise of its superior authority in this field, has enacted a complete scheme of regulation and has therein provided a standard for the registration of aliens, states cannot, inconsistently with the purpose of Congress, conflict or interfere with, curtail or complement, the federal law, or enforce additional or auxiliary regulations.").  If the California common law of unfair competition is interpreted to prohibit Defendants from seeking remedies to which they are expressly entitled under the Copyright Act, then California law presents a formidable obstacle to Congress's purposes in allowing that remedy.  Congress, not the California statutes or common law, must determine whether, to what extent, and from whom a copyright holder is entitled to remedies for infringement.

### D.    Rule 56(d) Claim

Finally, Plaintiffs claim that they are unable to properly defend the present Motion because Defendants have failed to cooperate in discovery.  (Mot. at 21).  Under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may defer ruling on a summary judgment motion "[i]f a nonmovant shows by affidavit or declaration that,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.  CV-12-00014-MWF (JEMx)** | **Date:  January 14, 2014** |
| Title:       KTS Karaoke, Inc., et al. *-v-* Sony/ATV Music Publishing LLC, et al. | |

for specified reasons, it cannot present facts essential to justify its opposition."  This matter has been proceeding for nearly two years.  This Court's Scheduling Order, dated December 10, 2012, set the non-expert discovery cut-off at November 4, 2013. (Docket No. 74).  If Plaintiffs believed that Defendants had improperly evaded discovery, they should have brought a motion to compel discovery responses prior to the discovery cut-off.  They have shown no good cause to defer the Court's ruling on this Motion or allow additional discovery pursuant to Rule 56(d).

## III.    CONCLUSION

For the reasons outlined above, the Motion for Summary Judgment is **GRANTED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.